The State, *ex rel.*, v. Kiowa County.

No. 22,903.

THE STATE OF KANSAS, *ex rel.* JOHN D. BECK, as County At-
torney of Kiowa County, *Plaintiff*, v. THE BOARD OF COUNTY
COMMISSIONERS OF KIOWA COUNTY, and I. SNEED et al., as
members of said Board of County Commissioners, *Defend-
ants.*

SYLLABUS BY THE COURT.

MANDAMUS—*High School Established in County of Less Than 6,000—
Existence Not Affected by Increase in Population—Construction of
Statutes.* By the enactment of chapter 180 of the Laws of 1897, as
amended by chapter 433 of the Laws of 1903 (Gen. Stat. 1915,
§ § 9305-9310), the legislature provided for the establishment of per-
manent county high schools in counties having a population of less
than 6,000, and where a county high school has been duly established
under the statute, its existence is not affected by an increase in the
population of the county above the limit named in the statute.

Original proceedings in mandamus. Opinion filed July 10,
1920. Writ allowed.

*John D. Beck,* county attorney, for the plaintiff.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for
the defendants.

The opinion of the court was delivered by

PORTER, J.: This is an original proceeding in mandamus to
compel the defendants to employ teachers and to provide a
building, equipment and supplies for conducting the Kiowa
county high school.

In November, 1904, an election was held at which there was
a majority of the votes in favor of establishing a county high
school under chapter 180 of the Laws of 1897, as amended by
chapter 433 of the Laws of 1903, and in July, 1905, the board
of county commissioners made a contract with the school board
of district No. 1 at Greensburg, the county seat, for the use
of the school building belonging to the district, in which to
conduct the county high school. The contract for the use of
the building was made for fifteen years and expires in July of
the present year. From the time of its establishment the
school has had a steady growth in the number of pupils, and

during the school year just closed seven teachers were em-
ployed. The school has maintained the usual scientific and
literary courses of study for preparing pupils for entrance to
the freshman class of the state university, and meets the re-
quirements of the state board of education entitling it to be
included in high schools of class "A." It is conceded that
ample funds have been raised from the general levy of the
county each year to pay all the expenses of the school, and
that in order to provide for its continuance for the ensuing
year it was necessary for the defendants to enter into contracts
with a principal and other instructors, and to make arrange-
ments with school district No. 1 at Greensburg for the use of
a building in which to conduct the school. Instead of provid-
ing for the expenses of the school during the ensuing year at
the March, 1920, meeting of the board, two of the defendants,
I. Sneed and H. W. Fromme, declined to consider new contracts
on the ground that the high school has no longer any legal
existence.

Their contentions are that there was only a temporary es-
tablishment of a county high school in the first place, that its
continuance depended upon the ability of the board and the
school district at the county seat to agree upon the terms of a
contract for the establishment of a county high school, and
that upon the expiration of the contract between the board
and the school district, the county high school would cease to
exist; that the authority of the board to enter into a contract
expired when it was exercised in 1905, and that in order to
authorize the board to negotiate with the school district for
another contract the submission of the question again to the
voters at an election called for that purpose is required.

The act under which the high school was established applied
to counties having a population of less than 6,000, and one of
the main contentions of the defendants is, that because Kiowa
county has now more than that number, no legal authority for
the further continuance of the county high school exists.
When the school was established the county had less than 6,000.
In 1911, the number had increased, and by 1917 had reached
6,948; since 1917 it has gradually declined, but it is conceded
that at present the population is 6,016.

We are unable to discover the semblance of merit in any of these contentions. When the act was passed the legislature contemplated that counties having less than 6,000 population would increase in numbers. There was no intention that when the population of the county should exceed the limit placed in the act, a school established thereunder should cease to exist. A county high school, once established, becomes a permanent organization until some legislative authority authorizes its disestablishment. It has been decided that the acts of 1897, 1903, and 1907 were intended to form a complete and independent plan for the establishment of county high schools in counties having less than 6,000 population. (*Greeley County v. Davis,* 99 Kan. 1, 160 Pac. 581.) Manifestly, the intention was to authorize the establishment of such high schools in all counties falling within that class at the time the statute was invoked. The permanency of a county high school, once established, is not affected by an increase in the population of the county, in the absence of a statutory provision to that effect.

By the act of 1897, chapter 180, section 1, as amended by the Laws of 1903, ch. 433, section 1 (Gen. Stat. 1915, § 9305), it became the duty of the board of county commissioners to make a contract with the school district at the county seat for the establishment of a county high school. The authority conferred by these acts upon the board to enter into such contract was not exhausted by the making of a contract for a term of years; it was a continuing authority and mandate; so long as the act under which the county high school was established remains in force the duty of providing for the expenses of the school and for suitable buildings in which to conduct it rests upon the board.

The peremptory writ will issue.